J-A22045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN E. ZIMMERER | : | No. 251 EDA 2025 |

Appeal from the Order Entered December 23, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001031-2022

BEFORE: LAZARUS, P.J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 24, 2025**

Appellant, the Commonwealth, appeals from the order entered in the court of Common Pleas of Monroe County on December 23, 2024, granting the motion to dismiss pursuant to Pa.R.Crim.P. 600 filed by Appellee, John E. Zimmerer. We affirm.

The relevant procedural history is as follows, and the underlying facts are not at issue. On February 16, 2022, the Commonwealth filed a criminal complaint charging Appellee with two counts of Accidents Involving Death or Personal Injury, two counts of Driving Under the Influence (DUI), and related summary offenses stemming from a vehicle crash in which two victims are alleged to have sustained serious bodily injury. The Commonwealth filed a

_____

[*] Former Justice specially assigned to the Superior Court.

criminal information which added two counts of Aggravated Assault by Vehicle While DUI, two counts of Aggravated Assault by Vehicle, and a third count of Accidents Involving Death or Personal Injury on August 9, 2022.

The preliminary hearing was initially scheduled for March 21, 2022 but was continued until April 18, 2022 at the request of Appellee in order to obtain legal representation. Appellee waived formal arraignment on June 15, 2022. A pretrial conference was scheduled for August 10, 2022, and the trial was scheduled for the October 2022 trial term. Prior to trial commencing, the Commonwealth was granted continuances on September 30, 2022, November 30, 2022, February 1, 2023, May 9, 2023, and August 11, 2023. Appellee was granted a continuance on November 13, 2023, and sought a continuance on February 20, 2024, to review discovery.

Ultimately, Appellee filed a motion to dismiss pursuant to Pa.R.Crim.P. 600 on May 15, 2024. Hearings were held on the motion to dismiss on June 5, 2024, and August 7, 2024. At the hearings, the Commonwealth did not present evidence but instead asked for a briefing schedule. The Commonwealth filed its brief in opposition to the Rule 600 motion to dismiss on August 16, 2024. Appellee filed a brief in support of the request for dismissal on August 23, 2024. The trial court entered an order granting the motion to dismiss on December 23, 2024. The Commonwealth filed a notice of appeal on January 30, 2025. The Commonwealth filed its concise statement pursuant to Pa.R.A.P. 1925(b) on February 10, 2025. This appeal follows.

The Commonwealth raises the following issue for our review, "Did the Lower Court commit error in its decision granting the Appellee's motion to dismiss pursuant to Pa. R.Crim. P. 600, requiring said decision to be reversed?" Appellant's Br. at 4.

"In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." ***Commonwealth v. Hill***, 736 A.2d 578, 581 (Pa. 1999). "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." ***Commonwealth v. Krick***, 67 A.2d 746, 749 (Pa. Super. 1949). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Jones***, 826 A.2d 900, 907 (Pa. Super. 2003) (*en banc*). The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. ***Hill, supra*** at 581. "An appellate court must view the facts in the light most favorable to the prevailing party." ***Commonwealth v. Jackson***, 765 A.2d 389, 392 (Pa. Super. 2000).

The Pennsylvania Rules of Criminal Procedure generally require a defendant to be brought to trial within 365 days from the date the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). However, certain periods of delay

throughout the course of pre-trial proceedings may not be included in that calculation. "The court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super. 2004). Additionally, the comment to Rule 600 provides that "delay in the time of trial that is attributable to the judiciary may be excluded from the computation of time." Pa.R.Crim.P. 600 cmt. (citing ***Commonwealth v. Crowley***, 466 A.2d 1009 (Pa. 1983)).

The Commonwealth argues that in the instant case, at most 269 days of delay are attributable to the Commonwealth. Appellant's Br. at 10. The Commonwealth's calculation is based on its belief that Appellee concurred with, or failed to object to, the Commonwealth's continuance requests on several occasions. ***Id.*** at 13. Thus, the Commonwealth argues, these continuances, even though requested by the Commonwealth, are excludable under Rule 600 according to ***Hunt, supra,*** and that the trial court abused its discretion in counting these delays against the Commonwealth.

Appellee argues that the trial court specifically noted in several of its orders granting the Commonwealth's requests for continuances that the time should run against the Commonwealth for purposes of Rule 600. Appellee argues that if the Commonwealth wished to challenge these attributions, Rule 600(D)(3) requires the Commonwealth to have done so in an answer to the

Appellee's motion to dismiss. Appellee's Br. at 10. Appellee points out that the Commonwealth failed to file an answer to its Rule 600 motion to dismiss and argues that the Commonwealth waived any challenge on appeal to the trial court's discretion in making these determinations. *Id.* at 16.

Particularly relevant to this discussion is subsection (C)(3) of Rule 600 which requires a judge, in granting or denying a continuance, to identify which party requested the continuance and to which party the period of delay shall be attributed. Pa.R.Crim.P. 600(C)(3)(a). Here, the trial court complied in four of its orders granting requests for continuances by indicating that the Commonwealth made the request and that the delay was attributable to the Commonwealth. As Appellee correctly notes, a party seeking to challenge the judge's attribution or to demand a review of such determination must raise that challenge in a motion to dismiss or in an answer to a motion to dismiss. Pa.R.Crim.P. 600(C)(3)(b). Subsection (D) clarifies the requirement in (C)(3) as follows:

> (D) Remedies
> (1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.
> * * *
> (3) ***Any requests for review of the determination in paragraph (C)(3) shall be raised in a motion or answer*** filed pursuant to paragraph (D)(1)[.]

Pa.R.Crim.P. 600(D) (emphasis added).

We agree with Appellee. If the Commonwealth disagreed with the trial court's determinations in its several orders attributing certain delays to the Commonwealth, the Commonwealth must have raised those challenges with the trial court. **See** Pa.R.Crim.P. 600(D)(3). To be clear; the Rule does not require the Commonwealth to initiate such a challenge by filing its own motion seeking review of the court's determinations in order to preserve the issue. In other words, the Commonwealth was not required to file a motion challenging each of the trial court's orders wherein the court made its determination as to whom the delay was attributable. The Rule does, however, require the Commonwealth to file an answer asserting any challenge to these determinations in response to a defendant's filing of a Rule 600 motion to dismiss in order to preserve the issue. Because the Commonwealth did not file an answer[1] raising any such challenge, the Commonwealth has waived appellate review of the trial court's orders determining which delays counted against the Commonwealth and which days were excludable, as well as our

_____

[1] Generally, a written answer to a motion is not required. Pa.R.Crim.P. 575(B)(1). Parties may generally respond to a motion orally at a hearing. Pa.R.Crim.P. 575(B)(2). However, where, as here, a rule requires certain issues be raised in an answer to a motion, **see** Pa.R.Crim.P. 600(D)(3), a written motion must be filed within ten days after service of the motion. Pa.R.Crim.P. 575(B)(3)(e). We acknowledge that the Commonwealth did file a brief in opposition to the motion to dismiss, however, it was filed after the Rule 600 hearing took place and ninety-three days after the motion to dismiss was filed. This filing was insufficient under the aforementioned rules.

review of the trial court's exercise of discretion in finding whether or not the Commonwealth acted with due diligence when causing the delays.

Accordingly, this Court is limited to reviewing only the trial court's calculation of the period of days of delay, and may reverse only upon a finding of mathematical error. The trial court explained the following:

> The criminal complaint was filed on February 16, [2022]. Thus, under Rule 600(A), the mechanical run date is February 16, 2023, one-year (365) days from the date the complaint was filed. *Id.* 600(A)(2)(a).
>
> Defendant sought and was granted a continuance of the preliminary hearing to obtain an attorney. The corresponding 28-day delay is therefore excludable.
>
> After the case was bound to Court, the Commonwealth sought numerous continuances. Specifically, the Commonwealth requested and was granted continuances on September 30, 2022, November 30, 2022, February 1, 2023, March 1, 2023,[2] May 9, 2023, and August 11, 2023. In the Rule 600 hearings, the Commonwealth did not present evidence of its due diligence during or leading up to the corresponding periods of delay. Likewise, when it requested the continuances, the Commonwealth did not provide evidence or an explanation of its due diligence. In this regard, while over the course of this case the Commonwealth informed the Court that it was having difficulty obtaining the victims' medical records and discovery, it did not specifically explain either what the difficulties were or the steps it was taking to overcome them. Similarly, in four of the continuance orders, we specifically found that delay occasioned by the continuance was attributable to the Commonwealth. The Commonwealth did not contest our findings. Under these circumstances, the Commonwealth failed [to] meet its burden of establishing the requisite due diligence and, therefore, the delays occasioned by its requests for continuances are includable.

---

[2] The Commonwealth's March 1, 2023, request for a continuance was denied.

Given this determination, the only excludable time is the 28 days attributable to Defendant's request for continuance of the preliminary hearing. This exclusion yields an adjusted Rule 600 run date of March 16, 2023. Alternatively, even if we included in the Rule 600 computation only the four continuances for which we specifically attributed the delay to the Commonwealth, the adjusted run date would be August 21, 2023, nearly nine months before Defendant filed this motion. Simply, on the record presented, the Rule 600 dismissal period expired before trial commenced.

Tr. Ct. Op. at 10-11.

In addition, the trial court provided a concise table attached as an appendix to its 1925(a) opinion. The table identifies each event on the docket, the date, the number of days in between dates, and whether the delay was due to normal case progression, attributable to the defense, or attributable to the Commonwealth. The trial court attributed 198 days to normal case progression. The trial court attributed 409 days of delay caused by the Commonwealth without due diligence. The trial court attributed 127 days to Appellee. The trial court attributed eighty-five days jointly to the Commonwealth and to Appellee. In total, the trial court found 607[3] days had

_____

[3] In the alternative, the trial court notes that even if it were to exclude as jointly attributable the periods of delay following the Commonwealth's requests for continuances to which Appellee orally concurred, i.e., November 30, 2022 and May 9, 2023, the Commonwealth would be responsible for 252 days of delay to be included pursuant to Pa.R.Crim.P. 600(C)(1). Adding the 198 days of normal case progression reveals a total of 450 days past the filing of the complaint, still in violation of Rule 600. Tr. Ct. Op. at 16. However, because our standard of review is in a light most favorable to the prevailing party, we decline to subtract these days of delay from our calculation for this reason. Additionally, it is not clear to us, even in consideration of **Hunt,**
(Footnote Continued Next Page)

passed between the filing of the complaint and Appellee's Rule 600 motion to dismiss. Tr. Ct. Op. App'x.

This Court has cross-referenced these dates with the following documents from the certified record: the transcripts where the request for continuance was placed on the record orally, *See* N.T., 9/30/22, N.T., 2/1/23, N.T., 8/10/23, and N.T., 11/13/23, the written motions for continuances, *See* Def. Motion, 3/21/22, Cmwlth. Motion, 11/30/22, Cmwlth. Motion, 3/1/23, Cmwlth. Motion 5/9/23, and the trial court's orders granting each continuance. *See* Tr. Ct. Order 12/1/22, Tr. Ct. Order 5/9/23, Tr. Ct. Order 8/14/23, and Tr. Ct. Order 11/14/23. Our calculation reveals the same number of days between docketed events as the trial court calculated, and thus we discern no mathematical error in calculating the periods of days between each docketed event.

Days of normal case progression are to be included in computation. *See* ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017). Periods of delay attributed to the Commonwealth without due diligence are to be included

_____

*supra*, that this time could be excludable when Appellee did not waive his Rule 600 rights. "Where the Commonwealth requests a continuance, the delay is excludable if the defendant expressly consents and the record shows that the defendant made an 'informed and voluntary decision' to waive Rule 600 rights." ***Commonwealth v. Davis***, 241 A.3d 423 (Pa. Super. 2020) (unpublished memorandum) (citing ***Commonwealth v. Brown***, 875 A.2d 1128, 1134-35, 1137 (Pa. Super. 2005)). We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandum cited within this footnote.

pursuant to Pa.R.Crim.P. 600(C)(1). Periods of delay caused by Appellee are to be excluded from computation pursuant to Pa.R.Crim.P. 600(C)(1). Periods of delay attributed jointly to both parties are to be excluded pursuant to Pa.R.Crim.P. 600(C)(1).

Our review reveals that the orders entered December 1, 2022, May 9, 2023, and August 14, 2023, each expressly attribute the delay to the Commonwealth. Those three continuances resulted in a total of 251 days of delay. The orders in the certified record entered October 3, 2022 and February 1, 2023, do not explicitly state that the Commonwealth requested the continuance or that the delay is attributable to the Commonwealth. **See** Pa.R.Crim.P. 600(C)(3)(a)(ii) ("the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded . . . ."). Those two continuances resulted in a total of 158 days of delay. Our review confirms that there are 198 days attributable to normal case progression. Added together, our result is 607 days, the same number identified by the trial court.

When adding only the 251 days of delay that were explicitly identified in the trial court's orders as attributable to the Commonwealth— determinations which the Commonwealth failed to contest in an answer to the Rule 600 motion—along with the 198 days of normal case progression, our

result is 449 days, still well beyond the 365-day limit in Rule 600. Thus, we find that the trial court did not err in granting Appellee's motion to dismiss. Accordingly, we affirm the trial court's December 23, 2024, order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2025